UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ANDREW PROKOS,

                                                              20-cv-2323 (PKC)

              -against-                               ORDER


MONT MORRIS, LLC and DOES 1-10,

                          Defendants.
---------------------------------------------------------x

CASTEL, U.S.D.J.

   Plaintiff Andrew Prokos moves for the entry of default judgment against

defendant Mont Morris, LLC ("Mont Morris").  The motion will be granted.

   Prokos filed his complaint on March 16, 2020, asserting one claim of copyright

infringement, 17 U.S.C. § 101, et seq., and one claim under the Digital Millennium Copyright

Act, 17 U.S.C. § 1202 (the "DMCA").  Prokos alleges that he is the photographer and copyright

owner of a photo of the Manhattan skyline that Mont Morris published on its website, thereby

infringing his copyright.  (Compl't ¶¶ 9-14.)  Prokos also alleges a violation of the DMCA based

on Mont Morris's removal of the photo's copyright information.  (Compl't ¶ 24.)  The Complaint

seeks damages and injunctive relief.

   On May 15, 2020, Prokos filed an affidavit of service stating that service of

process was effectuated on Mont Morris through the New York Secretary of State pursuant to

section 303 of the New York Limited Liability Company Law.  (Docket # 10.)  On June 15,

2020, the Clerk of Court issued a Certificate of Default as to Mont Morris.  (Docket # 15.)  In

addition to effectuating service of process, plaintiff's counsel states that he sent a letter to Mont

Morris at a business address listed on the company website, notifying it of this action and

requesting a response.  (Steger Dec. ¶ 6 & Ex. C.)  Mont Morris has not answered or appeared in this case.

Default judgment will be entered as to liability.  The Complaint sets forth a prima facie case of copyright infringement and a violation of the DMCA.  When a defendant defaults, the well-pleaded allegations of a complaint are deemed to be admitted for liability purposes. See, e.g., Vera v. Banco Bilbao Vizcaya Argentaria, S.A., 946 F.3d 120, 135 (2d Cir. 2019).  The moving papers also annex the copyright registration for "Collected Photographs of Andrew K. Prokos, 1/1994-8/2000," which was filed with the Copyright Office.  (Prokos Dec. Ex. A.) Prokos states that, as of August 17, 2020, Mont Morris continued to display the disputed photograph on its website.  (Prokos Dec. ¶ 10.)  Service of process was effectuated consistent with section 303 of the New York Limited Liability Company Law.  Mont Morris has not answered or appeared.  The motion for entry of default judgment is therefore granted as to liability.

Prokos seeks $30,000 in statutory damages under the Copyright Act, $5,000 in statutory damages under the DMCA, costs, and reasonable attorneys' fees.  He does not seek an inquest on damages.

The Copyright Act provides that where infringement is proved, the copyright owner may elect to receive statutory damages in lieu of actual damages.  17 U.S.C. § 504(c). Statutory damages are to be in an amount between $750 and $30,000 per violation, as the court considers just, except where the infringement was committed willfully, in which case damages are capped at $150,000.  Id.  Default may be considered evidence of willfulness.  See, e.g., All-Star Mktg. Grp., LLC v. Media Brands Co., 775 F. Supp. 2d 613, 620-21 (S.D.N.Y. 2011) (Berman, J.) (collecting cases).  "When determining the amount of statutory damages to award

for copyright infringement, courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010).

        The default of Mont Morris deprived Prokos of the opportunity to obtain evidence on the infringer's state of mind and profits. Mont Morris's default weighs against it when considering its cooperation, conduct and attitude. The Court notes Prokos's factual assertion that as of August 17, 2020, Mont Morris continued to publish the infringing image on its website. (Prokos Dec. ¶ 10.) As to the revenue lost by Prokos, plaintiff has submitted invoices from 2009, 2011 and 2017 reflecting the licensing of his photographs in amounts of $19,700, $10,950 and $20,167. (Prokos Dec. Exs. B-D.)

        In light of the foregoing, the Court concludes that statutory damages in the amount of $20,000 are appropriate. This award accounts for Mont Morris's state of mind as reflected by its default and its infringing activity, as well as the need to deter other prospective infringers. It also accounts for Prokos's lost revenue based on his sales invoices submitted in connection with the motion.

        Separately, Prokos seeks $5,000 in statutory damages based on Mont Morris's removal of copyright management information from the photograph. The Complaint alleges that when Mont Morris published Prokos's photo, it removed a "Prokos" watermark contained in the image's upper-right corner. (Compl't ¶¶ 9, 14, 24.) The DMCA provides that no person shall intentionally remove or alter copyright management information. 17 U.S.C. § 1202(b)(1). It defines "copyright management information" to include the name of a work's author, its title and

other identifying information.  Id. § 1202(c)(1), (2).  A copyright owner may elect to receive

statutory damages in lieu of actual damages for each violation, "in the sum of not less than

$2,500 or more than $25,000."  17 U.S.C. § 1203(c)(3)(B).  In light of Mont Morris's default and

its apparent effort to conceal Prokos's ownership by removing an identifying watermark, the

Court concludes that $5,000 is an appropriate damages award under the DMCA.

       Lastly, Prokos seeks reimbursement of costs and an attorneys' fees award.  The

Copyright Act permits an award of full costs and reasonable attorneys' fees to the prevailing

party.  17 U.S.C. § 505.  Prokos seeks $475 in costs, based on the $400 filing fee and a $75 cost

to effectuate service of process.  (Steiger Dec. Ex. D.)  He seeks $4,673 in attorneys' fees, which

reflect 7.8 hours of attorney time at a rate of $485 per hour and 8.9 hours of paralegal time at a

rate of $100 per hour.  (Steger Dec. ¶ 12 & Ex. D.)  The Court finds that the costs and attorneys'

fees are reasonable, and they will therefore be awarded.

CONCLUSION.

       Plaintiff's motion for entry of default judgment is GRANTED.  The Clerk is

directed to terminate the motion.  (Docket # 18.)

       The Clerk is directed to enter Judgment for the plaintiff in the amount of $25,000

in damages, plus $4,673 in attorneys' fees and $475 in costs, for a total amount of $30,148.  The

Clerk is directed to close the case.

       SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
      September 30, 2020